UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUY LAMACCHIA, : | |
|       Plaintiff, : | |
| : | |
| v. : | |
| : | No. 3:04cv1446(WWE) |
| PETE KOVAL & DAVID E. OSIKA, : | |
|       Defendants. : | |

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The genesis of this civil rights action is plaintiff Guy LaMacchia's arrest by defendant Bridgeport Police Officers Pete Koval and David Osika. Specifically, plaintiff alleges that defendants subjected him to malicious prosecution in violation of the Fourth Amendment to the United States Constitution and Connecticut common law.

Defendants have filed a motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

### Background

The parties have submitted a statement of undisputed facts in compliance with Local Rule 56, exhibits and affidavits. The evidence submitted reveals the following undisputed facts.

At the time relevant to his arrest, plaintiff was separated from his spouse, Magdalena LaMacchia. Defendants Koval and Osika were officers employed by the Bridgeport Police Department.

On March 10, 2002, defendant Koval was dispatched to the residence of Mrs. Magdalena LaMacchia on a report of a domestic violence complaint. He spoke to Mrs.

1

LaMacchia, who informed him that, on March 7, 2002, plaintiff had slapped her and pushed her from the car she as she was placing her children into it.  Defendant Koval observed a bruise to Ms. LaMacchia's right eye and cuts on her wrist and knee.   He also interviewed Anna LaMacchia who reported seeing Mrs. LaMacchia fall to the ground.

Defendant Koval informed Mrs. LaMacchia that he could not arrest plaintiff at that time, but that she could follow up with the detective bureau.   He also reported to the Department of Children and Families that Mrs. LaMacchia had expressed concern for the safety of her children.

On March 13, 2002, Mrs. LaMacchia visited the Bridgeport Police Department and reported that plaintiff had caused an injury to her son.  Defendant Koval observed a bruise to the left temple of the child.

On March 20, 2002, Mrs. LaMacchia gave a handwritten four-page statement to defendant Osika at the Detective Bureau regarding her allegations of plaintiff's abuse.  She asserted that he had hit and pushed her from the van causing her to fall and injure her hands and wrists.  She provided defendant Osika with photographs of her injuries and those of her son.

Having determined that probable cause existed for plaintiff's arrest, defendant Osika submitted an arrest warrant, which was executed.   Plaintiff was arrested on April 29, 2002.  In February 2003, plaintiff agreed to the entering of a nolle prosequi in the case.

**Discussion**

     A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

    The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc., 664 F. 2d at 351.  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson, 477 U.S. at 255.

    If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

A claim for malicious prosecution brought under Section 1983 to vindicate Fourth Amendment rights is analogous to claims for malicious prosecution brought under state law.  Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003).  In order to sustain his claim of malicious prosecution, plaintiff must prove that:  1) defendants initiated or procured the institution of criminal proceedings against him; 2) the criminal proceedings have terminated in his favor; 3) defendants acted without probable cause; and 4) defendants acted with malice, primarily for a purpose other than that of bringing an offender to justice.   Heussner v. Day, Berry and Howard, LLP, 94 Conn.App. 569, 578 (2006).

Defendants argue that summary judgment should enter because 1) the criminal proceeding did not terminate in plaintiff's favor; 2) defendants acted with probable cause; and 3) defendants are entitled to qualified immunity.  The Court will grant summary judgment on the basis of qualified immunity.

Qualified immunity shields government officials performing discretionary functions from liability to the extent that their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The doctrine protects public officials from the risk of potentially ruinous monetary liability which would deter qualified people from public service, and it safeguards the public interest in having government employees act with independence and without fear of consequences.  Eng v. Coughlin, 858 F. 2d 889, 895 (2d Cir. 1988).

A party is entitled to summary judgment based on qualified immunity if the court finds that the rights of the plaintiff were not clearly established or that no reasonable jury could conclude that it was objectively unreasonable for the defendant to believe that he

4

was not clearly violating an established federal right.  Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1996).

In the first stage of the qualified immunity analysis, the court must consider whether the facts, taken in a light most favorable to the plaintiff, could show a constitutional violation.  Cowan v. Breen, 352 F.3d 756, 761 (2d Cir. 2003).  If so, the court must determine whether the right in question was clearly established at the time the violation occurred.  Saucier v. Katz , 533 U.S. 194, 201 (2001).

In determining whether a right is clearly established, the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Poe v. Leonard, 282 F.3d 123, 132 (2d Cir. 2002).   To determine whether a particular right was clearly established at the time defendants acted, the court should consider: 1) whether the right in question was defined with "reasonable specificity"; 2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and 3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful.  Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991).

Thus, a qualified immunity defense is established where: "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).   The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular police conduct."  Saucier, 533 U.S. at 205.  However, qualified immunity applies if the officer's mistake as to what the law requires is reasonable.  Id.  Qualified immunity does not

5

apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation. Malley, 475 U.S. at 341. Summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree. Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

Probable cause is the gravamen of a lawful arrest under the Fourth Amendment. Romagnano v. Town of Colchester, 354 F.Supp.2d 129, 135 (D.Conn. 2004). Thus, the Court must consider whether the requisite indicia that give rise to probable cause were so lacking that defendants are not entitled to the shield of qualified immunity.

Probable cause is a compilation of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Michigan v. DeFillipo, 443 U.S. 31, 37 (1979). "The burden of establishing probable cause rests with the police, who must establish that there was a quantum of evidence which amounted to more than a rumor or suspicion, or even a strong reason to suspect." Travis v. Village of Dobbs Ferry, 355 F.Supp.2d 740, 748 (S.D.N.Y. 2005). The reasonable belief standard may require less justification than the more familiar probable cause test. United States v. Manley, 632 F.2d 978, 983 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981). Police officers are not required "to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Caldarola v. Calabrese, 298 F.3d 156, 167-68 (2d Cir. 2002).

In this instance, the officers received information from Mrs. LaMacchia, the putative victim, about plaintiff's abusive conduct towards her and her son. Defendant Koval had noted in the record that he had observed bruises, and that Anna LaMacchia

6

had seen Mrs. LaMacchia falling to the ground.  Later, defendant Osika observed bruises on Mrs. LaMacchia and in photographs of her and her son that appeared to corroborate Mrs. LaMacchia's reports of abuse to herself and her son.  Accordingly, the Court finds that reasonable officers could disagree as to whether probable cause existed to arrest plaintiff, and summary judgment will enter on the Fourth Amendment claim.

To the extent that plaintiff asserts violations of state common law, the Court will decline to exercise supplemental jurisdiction pursuant to jurisdiction over the such state law claim pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [#24] is GRANTED on plaintiff's Fourth Amendment claim.  The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any state law claim, which is therefore dismissed without prejudice.  The clerk is instructed to close this case.

Dated this 8th day of August, 2006, in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE